Opinion for the Court filed by Senior Circuit Judge RANDOLPH.
Opinion concurring in the judgment filed by Circuit Judge GRIFFITH.
Dissenting opinion filed by Circuit Judge HENDERSON.
RANDOLPH, Senior Circuit Judge:
I.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and supplemental briefs and oral arguments of counsel. For the reasons stated below, it is
ORDERED AND ADJUDGED that the district court’s grant of summary judgment in favor of the United States is vacated with respect to plaintiff Dearth and plaintiff Second Amendment Foundation, Inc. (insofar as its claim is based on Dearth’s standing), and the case is remanded for trial.
II.
We take this action although it may well be that, in the words of Rule 56(a), “there is no genuine dispute as to any material fact.” Fed.R.Civ.P. 56(a). Even in those circumstances, the courts retain discretion to refuse to decide cases on the basis of a record developed on summary judgment. See Kennedy v. Silas Mason Co., 334 U.S. 249, 256-57, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948); 10A Charles Allen Wright et al., Fed. Practice & Procedure § 2728 (3d ed.2013).
The question in this case is whether a citizen who permanently resides outside the United States has a right under the Second Amendment to the United States Constitution to purchase a firearm for self-defense whilé he is temporarily visiting this country. Dearth alleges that 18 U.S.C. § 922(a)(9) & (b)(3) and implement *34 ing regulations, 27 C.F.R. §§ 478.29a, 478.96, 478.99, 478.124, are unconstitutional because the provisions, in effect, prohibit citizens not residing in any state from purchasing firearms. In addition to mounting a facial attack on the provisions, Dearth purports to be bringing an as applied challenge.
This case therefore raises “an extremely important question,” and “summary procedures, however salutary where issues are clear-cut and simple, present a treacherous record for deciding issues of far-flung import.” Kennedy, 334 U.S. at 256-57, 68 S.Ct. 1031 (footnote omitted). See, e.g., Univ. of Notre Dame v. Burwell, 786 F.3d 606, 619-20 (7th Cir.2015) (Hamilton, J., concurring) (“Where the law is evolving rapidly and the facts are complex, the better course is usually full exploration of the evidence and thorough findings of fact by the district court, rather than reliance on sweeping legal doctrines and hypothesized or assumed facts.” (citing, inter alia, Doe v. Walker, 193 F.3d 42, 46 (1st Cir.1999))). Here there are too many unanswered questions regarding Dearth’s particular situation even though he seeks to mount an as applied challenge.
At the summary judgment stage, Dearth could no longer “rest on ... mere allegations,” Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), that might satisfy the pleading requirements, as he did in his earlier appeal, see Dearth v. Holder, 641 F.3d 499 (D.C.Cir.2011). He had to set forth “specific facts.” Lujan, 504 U.S. at 561, 112 S.Ct. 2130 (citing Fed.R.Civ.P. 56) (internal quotation marks omitted), not mere “conclusory statement[s].” Ass’n of Flight Attendants v. Dep’t of Transp., 564 F.3d 462, 465 (D.C.Cir.2009). Nevertheless, Dearth filed nothing other than a short affidavit merely repeating the complaint’s sparse allegations regarding his particular circumstances.
For example, we are able to discern, from the caption on his complaint, filed in 2009, that Dearth’s address at that time was Winnipeg, Canada. He asks us now to assume that his status has remained static. Whether he had ever been a resident of any state, and if so which one, he does not reveal. Whether he is still considered a state resident for tax purposes we do not know. Whether he still votes in federal elections or pays federal taxes on his income, including income earned outside the United States, is not addressed. Dearth says he comes back to this country on occasion. Exactly where or when he comes back, to what state or states, his affidavit does not tell us. His affidavit does say that on two occasions, once in 2006 and again in 2007, while he was in the United States he unsuccessfully tried to purchase “a firearm.” What type of firearm — a hunting rifle, for instance, or a handgun — -he does not mention. He swears that he “intend[s] to purchase firearms” for “lawful sporting purposes as well as for other purposes, including self-defense.” This appears deliberately ambiguous. Did he try to buy a hunting rifle, which he would also use for self-defense? Did he try to purchase a handgun solely for self-defense? We cannot tell, yet the question may be significant because in some circumstances federal law allows non-residents to. obtain firearms for “lawful sporting purposes.” See 18 U.S.C. § 922(a)(5), (a)(9), (b)(3); 27 C.F.R. §§ 478.29a, 478.99(a), 478.115(d)(1). Where Dearth sought to engage in these transactions he neglects to mention. The omission may be significant. The laws of many states bar non-state residents like Dearth from buying a handgun so that no *35 matter what the outcome of this case, Dearth still could not purchase a handgun in such a state.[1]
Dearth stated in his affidavit that he holds a “valid Utah permit to publicly carry a handgun.” But we do not know whether, if once he had a valid permit from Utah, he still does. States may require such permits to be renewed periodically. In the same sentence, Dearth adds that the Utah public-carry permit “is recognized in numerous states.” Which states? And more to the point, has Dearth visited such states in the past and is there evidence that he will do so in the future?
Dearth’s counsel stated in the district court that his client possessed firearms in Canada. Here again that is not evidence, and we do not know what sort of firearms he has there, or whether he has brought his firearms with him when he entered the United States on visits, or whether there was any impediment to his doing so.
One final point deserves mention. Dearth, in his complaint, purports to be bringing his as applied claim on behalf of himself and “similarly situated individuals.” But the evidence tells us very little about Dearth’s specific situation. In addition, the complaint seems to be reciting a class action allegation yet Dearth never sought, and the district court never granted, class action status to his action.
In short, for the foregoing reasons, we exercise our discretion to require that the case proceed to trial on the subjects we have mentioned and any others that bear on Dearth’s claims.

. At reargument Dearth's counsel proposed that his client might be able to purchase a firearm in Texas, for instance, because — according to counsel — Texas does not have a residency requirement. But of course counsel's proposal is not evidence. And we have no evidence that Dearth has ever been in Texas, or that he would drive or fly there to engage in such a transaction, or that he would legally be able to transport a firearm from Texas into whatever other state he was visiting.